Case 22.

ORD. PET.

## Dean, &c., vs. English.

### APPEAL FROM CARROLL CIRCUIT.

1. One who is legally bound for a debt by parol undertaking, united with the creditor to whom he had made payment, in an action by ordinary petition against another who had received the benefit of the contract with the creditor. Held, upon demurrer to the petition, that the plaintiffs were entitled to judgment.

2. A demurrer is available in a suit by ordinary petition where there is a *defect* of parties, not where there are those joined who are not necessary parties as plaintiffs or defendants; in such case the rule is to move to strike out such as are unnecessarily or improperly joined. (*Civil Code, sec.* 31, *and sec.* 120, *and sub-sec.* 4.)

[The facts are set out in the opinion of the court. REP.]

*W. B. Winslow,* for appellant—

The plaintiff, C. T. Dean, at the instance of the defendant, English, ordered a mowing machine from the other plaintiffs, (the makers and owners,) and the defendant, English, failing to pay for it, and Dean being bound to the other plaintiffs, paid them the price of the machine, and this suit was brought to coerce the money from English—Dean and the original makers and proprietors joining in it as plaintiffs.

The defendant demurred to the petition, and the court sustained the demurrer, and gave judgment for defendant. Although specific grounds are attempted to be set forth in the demurrer, yet, if it could be sustained at all it must be upon the idea that the pe-

tition does not state facts sufficient to constitute a cause of action, and that there is no remedy in a case of such manifest justice and equity. Whether, under the facts and circumstances set out in the petition, the transaction is to be regarded as a purchase by the defendant directly from the original makers and proprietors of the machine, or as a purchase from Dean, as both were made parties, it is conceived the petition would be good in either case. If the machine was sold by the makers to Dean, and by Dean to English, the making of the original proprietors and vendors parties to the suit, and setting out the purchase from them, might be surplusage, but could not vitiate the pleading; or if the purchase was immediately by the defendant from the makers, and Dean could be regarded as a *mere volunteer* in paying the money for the defendant to them, the payment by him could surely not have the effect to discharge the defendant from liability altogether. The utmost effect that could be given to it would be to justify the defendant in pleading, when sued by Dean alone, as he must have been under the old forms of action, that inasmuch as the payment was a mere voluntary act upon his part, and not authorized by the defendant, he could not thus change his indebtedness from the original creditor to himself. The advancing the money by Dean was either a payment of the debt or not a payment. If it was not a payment of the debt by reason of its being unauthorized by the defendant, or voluntary upon the part of Dean, then the other plaintiffs are entitled to recover from English, and Dean would be entitled to the money he paid them; or, if it was a good payment, and operated to discharge the defendant from liability to Warder & Co., (the original makers and vendors,) it operated to transfer the right of action to Dean; or, if it is to be regarded as a mere equitable assignment of the debt by Warder & Co., to Dean, the petition would still be good. And if Dean was not a *mere volunteer* in the payment, but was bound (inasmuch

as the machine was forwarded upon his order,) for the price to the original proprietors, the case would be still stronger. The defendant got the machine, and has never paid for it, and to use the language of the court in the very similar case of *Armstrong's admr. vs. Keith*, 3 *J. J. Marshall*, 155, "every principle of moral honesty revolts" at the idea of his not being compelled to pay for it.

With all confidence the counsel for the appellant asks a reversal of the judgment.

June 20, 1857.      Judge DUVALL delivered the opinion of the court.

The facts set out in the petition, and amended petition, are substantially these: That the plaintiffs, Warder, Brokaw, and Child, were the makers and owners of a mowing machine sold to the defendant, English; that Tucker was the agent for the sale of the machines, and the plaintiff, Dean, together with several of his neighbors, desiring to purchase one, he, (Dean,) at the instance of English, contracted with said agent for several of the machines to be sent to the neighborhood, at the price of $115 each, with freight and charges for transportation, amounting to $4 80; that under this arrangement the machine sold to the defendant was sent to Dean, who delivered it to English, informing him, at the time, of the facts and terms upon which they were sold, to which the latter agreed, and received the machine on those terms; that Dean, having ordered and received this machine, and being, under the circumstances stated, bound for the price, paid it to his co-plaintiffs, the makers and owners, according to the terms of the contract, and the plaintiffs pray judgment therefor against the defendant.

The defendant demurred to the petition, specifying the following grounds of objection:

"*First.* Because the petition sets out no joint ' interest in no cause of action common to the plain- ' tiffs.

"*Second.* Because the petition shows that the firm ' of Warder & Co., the vendors of the machine ' charged to have been sold to defendant, have been ' satisfied as to their demand, and consequently have ' no demand or claim against the defendant.

"*Third.* Because, as to plaintiff Dean, the petition ' shows no cause of action against defendant, in his ' favor."

The circuit court sustained the demurrer, and the plaintiffs' appeal from that decision presents but the single inquiry, whether, upon the facts stated in the petition, (which must upon the demurrer, be taken as true,) the plaintiffs, or either of them, were entitled to recover against the defendant?

Dean, having contracted with the manufacturers for the purchase of this machine, and it having been delivered to him according to the terms of their contract, was clearly bound to them for its value. His co-plaintiffs had the right to look to him, as well as to the defendant, for payment. Dean paid the debt, as he was bound to do, and the effect of such payment was to transfer to and invest him with all the rights of his co-plaintiffs as against the defendant. But whether bound or not—aud conceding that his payment was merely voluntary—the liability of the defendant was not thereby discharged. He is, in either aspect of the case, unquestionably bound either to the manufacturers or to Dean for the price of the machine he has received, and upon either hypothesis they were all properly joined as plaintiffs in the action.

The second ground of objection to the petition is, that Warder & Co., the vendors of the machine, had been satisfied as to their demand, and that consequently they have no further claim against the defendant. This objection of course assumes that Dean was bound to them for the debt, and that the payment by him was a discharge of his obligation to them, as well as of their claim against the defendant. It results, therefore, as before intimated, that

1. One who is legally bound for a debt by parol undertaking, united with the creditor to whom he had made payment, in an action by ordinary petition against another who had received the benefit of the contract with the creditor.—Held, upon demurrer to the petition, that the pl'ffs were entitled to judgment.

Dean became the equitable assignee of the claim of Warder & Co., and thereby acquired a right of action, upon that claim, against the defendant. But, under the Civil Code, (*section* 31,) he could not maintain the action in his own name, without making the firm of Warder & Co. defendants, or unless they united with him as plaintiffs. This rule of practice, so far from prejudicing the rights of the defendant, is absolutely necessary to his protection, enabling him to set up any matter of defense he may have against all or any of the parties, and securing him against the assertion, by either, of any future claim connected with or arising out of the transaction.

2. A demurrer is available in a suit by ordinary petition where there is a *defect* of parties, not where there are those joined who are not necessary parties as plaintiffs or defendants; in such case, the rule is to move to strike out such as are unnecessarily or improperly joined. (*Civil Code, sec. 31, and sec. 120, and sub-sec. 4.*)

Besides, it may be remarked that under the Civil Code (*section* 120, *sub-section* 4,) a *defect* of parties—plaintiff or defendant—is a valid ground of demurrer, but the objection that the petition shows a misjoinder of parties, either plaintiffs or defendants, can only be taken advantage of by a motion to strike out the name of the party thus improperly joined.

We are satisfied that neither of the objections to the petition, relied upon by the appellee, are maintainable, and that the demurrer should have been overruled.

Wherefore, the judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.